IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 1:16-CR-291 |
| ) | Hon. Liam O'Grady |
| RAHAMON OLAWALE AMUSA, ) | Sentencing: April 14, 2017 |
| ) | |
| Defendant. ) | |

**POSITION OF THE UNITED STATES ON SENTENCING**

The United States of America, by and through undersigned counsel, and in accord with 18 U.S.C. § 3553(a) and the United States Sentencing Commission Guidelines Manual ("Guidelines" or "U.S.S.G."), hereby submits its position with respect to sentencing of the defendant, Rahamon Olawale Amusa. The United States has reviewed the Presentence Investigation Report (PSR) and concurs with the findings of the Probation Office, which indicate that the Guidelines range is 24 to 30 months of incarceration (based on a total offense level of 17 and a criminal history category of I). For the reasons stated herein, the United States respectfully submits that a sentence of 24 months imprisonment followed by three years of supervised release reasonably and appropriately accounts for each of the factors set forth in 18 U.S.C. § 3553(a).

**BACKGROUND AND PROCEDURAL HISTORY**

The defendant, a 50-year-old male, is a U.S. citizen born in Nigeria. Dkt. 25 at 2. According to the PSR, on or about November 14, 2016, the defendant arrived at Washington Dulles International Airport, within the Eastern District of Virginia, via Ethiopian Air flight number 500, which originated in Addis Ababa, Ethiopia. *Id.* at ¶ 14. During a U.S. Customs and Border Protection (CBP) secondary inspection, the defendant informed a CBP supervisor that he had swallowed 80 thumb-sized pellets of what the defendant believed to be cocaine. *Id.* at ¶ 16. The

1

defendant was transported to Reston Hospital Center in Reston, Virginia, where, over the course of the next two days, he expelled pellets containing approximately 903 grams of cocaine. *Id.* at ¶ 18. The defendant was arrested on or about November 16, 2016. Dkt. 6. On December 21, 2016, the defendant entered a guilty plea to a one-count criminal information charging him with intentionally and knowingly importing into the United States from the country of Ethiopia a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 952 and 960, which carries a maximum sentence of 20 years imprisonment. *See* Dkt. 17.

## ARGUMENT

In *United States v. Booker*, 543 U.S. 220 (2005), the Supreme Court rendered the Sentencing Guidelines purely advisory, emphasizing that a sentencing court must not only consider the Guidelines, but also the sentencing factors set forth in 18 U.S.C. § 3553(a). *Booker*, 543 U.S. at 264. The Supreme Court reaffirmed this principle in *United States v. Kimbrough*, 552 U.S. 85 (2007), emphasizing that "the Guidelines, formerly mandatory, now serve as one factor among several courts must consider in determining an appropriate sentence." *Id.* at 90. Finally, in *Gall v. United States*, 552 U.S. 38 (2007), the Supreme Court instructed that the sentencing court should calculate the Sentencing Guidelines range, permit the government and the defendant "an opportunity to argue for whatever sentence they deem appropriate," consider all of the Section 3553(a) factors, and impose a sentence based on the relevant factors. *Id.* at 49-50.

Section 3553(a) lays out multiple factors that the Court shall consider in determining a sentence sufficient, but not greater than necessary, to achieve the statutory purposes of sentencing. Among these factors are the nature and circumstances of the offense and the characteristics of the defendant. 18 U.S.C. § 3553(a)(1). The Court must also consider "the need for the sentence

2

imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." *Id.* § 3553(a)(2)(A). Additionally, the Court must consider the need for the sentence "to afford adequate deterrence to criminal conduct [and] to protect the public from further crimes of the defendant." *Id.* § 3553(a)(2)(B), (C). Finally, the Court must consider the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. *Id.* § 3553(a)(6).

### I.     Guidelines Range

Here, the defendant pleaded guilty to unlawfully importing more than 500 grams of a mixture containing cocaine, in violation of 21 U.S.C. §§ 952(a) and 960, which results in a base offense level of 24 pursuant to U.S.S.G. §§ 2D1.1(a)(5) and 2D1.1(c)(8). The defendant is eligible for the "safety valve" under § 5C1.2, which warrants a two-level reduction in the offense level. Additionally, the defendant was a minor participant in the criminal activity, which renders a two-level reduction under § 3B1.2(b) appropriate. *See* § 3B1.2(b) cmt. n.3(A). Pursuant to § 3E1.1(a), the defendant is eligible for a two-level reduction for demonstrating responsibility, and the government anticipates moving for a third-level reduction under § 3E1.1(b). After these calculations, the total offense level is 17. Given the defendant's Criminal History Category of I, the Guidelines range is 24 to 30 months imprisonment in Zone D.

### II.    Sentencing Recommendation

A sentence within the Guidelines range is appropriate in this instance. Likely because he was a United States citizen, the defendant was recruited by drug traffickers to serve as an internal courier importing cocaine to the United States. The defendant imported a relatively large amount of cocaine, totaling approximately 903 grams, and only confessed to CBP officials after he had been referred for a secondary inspection, which delayed him from expelling the pellets.

Significantly, November 2016 was not the first time the defendant smuggled cocaine by swallowing it. As noted in the PSR, the defendant was previously convicted of importing cocaine into the United Kingdom in 2012, for which he was imprisoned until 2014. Dkt. 26 at 43. However, due to the difficulty in obtaining certified convictions from abroad, this U.K. conviction did not result in any criminal history points, and the defendant's criminal history category therefore understates the seriousness of the defendant's criminal history. *See* 18 U.S.C. § 3552(a)(1) (directing sentencing courts to consider defendants' history and characteristics).

In light of this, the United States respectfully submits that a sentence of 24 months imprisonment followed by three years of supervised release is necessary to promote respect for the law and deter the defendant and others from engaging in similar conduct.

## CONCLUSION

Based on the foregoing, the United States respectfully submits that a sentence of 24 months imprisonment followed by three years of supervised release is sufficient but not greater than necessary to provide just punishment in this case.

        Respectfully submitted,

        Dana J. Boente
        United States Attorney

By:       /s/
        Evan N. Turgeon
        Special Assistant United States Attorney
        United States Attorney's Office
        2100 Jamieson Avenue
        Alexandria, Virginia 22314
        Phone: (703) 299-3700
        Fax: (703) 299-3980
        evan.n.turgeon@usdoj.gov

**CERTIFICATE OF SERVICE**

I certify that on April 6, 2017, I filed the foregoing document with the Clerk of Court using the CM/ECF system, which will cause a true and accurate copy of this document to be transmitted to:

>Kenneth P. Troccoli
>Office of the Federal Public Defender
>1650 King St
>Suite 500
>Alexandria, VA 22314
>Telephone: (703) 600-0800
>Email: kenneth_troccoli@fd.org

In addition, I certify that on April 6, 2017, I emailed a copy of the foregoing to U.S. Probation Officer assigned to this matter:

>Terrell C. Sewell, Jr.
>United States Probation Officer
>Eastern District of Virginia
>Telephone: (703) 366-2122
>Email: terrell_sewell@vaep.uscourts.gov

/s/
Evan N. Turgeon
Special Assistant United States Attorney
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: (703) 299-3700
Fax: (703) 299-3980
evan.n.turgeon@usdoj.gov